**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEX CHADWELL,  )<br>    Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>THE OFFICE OF REPRESENTATIVE  )<br>TROY NEHLS,  )<br>U.S. HOUSE OF REPRESENTATIVES  )<br>    Defendant.  ) | Case No. 1:24-cv-02392-TNM |

**ANSWER**

Defendant, the Office of Representative of Troy Nehls, U.S. House of Representatives ("Office" or "Defendant"), through undersigned counsel, hereby submits its Answer to the Complaint filed in Case No. 1:24-cv-02392 by Plaintiff Alex Chadwell.

**PRELIMINARY STATEMENT**

The allegations made in the preliminary paragraph of the instant Complaint state legal conclusions for which no response is required. To the extent any response is required, Defendant denies the allegations in the preliminary statement and all liability.

**AS TO "JURISDICTION, VENUE AND PARTIES"[1]**

1. The allegations in paragraph 1 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2. Defendant is without sufficient information to admit or deny Plaintiff's sexual orientation. Defendant admits the remaining allegations in paragraph 2.

3. Defendant admits it maintains an office at 1104 Longworth House Office

---

[1] Defendant's section headings and subheading in this Answer correspond to the headings and subheadings in the Complaint. They are included simply for reference and do not imply any admission whatsoever. To the extent a response is required to any heading or subheading, Defendant denies any and all allegations contained therein.

1

building, Washington, D.C., 20515.  Defendant admits it also currently maintains a district office in Fulshear, Texas.  Whether the office in Washington, D.C. is Defendant's "principal office" is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in paragraph 3.

4. Paragraph 4 states legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff is a former employee.  Defendant denies the remaining the allegations in paragraph 4.

5. Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the allegations in paragraph 5.

6. Paragraph 6 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required.  To the extent a response is required, Defendant admits Plaintiff filed the instant lawsuit within the deadline for filing a civil action under 2 U.S.C. 1401(b)(3), but Defendant denies that Plaintiff's the allegations in the instant Complaint are timely under 2 U.S.C. 1402(d), and expressly preserves its defense that Plaintiff's claims are barred because he failed to file a timely Claim with the Office of Congressional Workplace Rights.  Defendant denies the remaining allegations in paragraph 7.

8. Paragraph 8 states legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff worked in the Washington, D.C. office for five months in 2021, and then worked the remaining two and a half years of his employment in Texas.  Defendant admits that Representative Nehls and his Chief of Staff, Robert Schroeder work in the Washington D.C. Office.  Defendant denies that Representative

Nehls works primarily in the Washington, D.C. Office. Defendant denies the remaining allegations in paragraph 8. Answering further, Defendant is filing a Motion to Transfer Venue to the Southern District of Texas, the venue where Plaintiff and virtually all of the potential witnesses reside.

## AS TO "FACTUAL BACKGROUND"

9. Defendant admits that Representative Nehls and his family were friends with Plaintiff and his family. Defendant denies the remaining allegations in paragraph 9 and any implication that Plaintiff's sexual orientation affected Representative Nehls' relationship with Plaintiff or his family.

10. Defendant admits that Plaintiff worked for Representative Nehls' campaign through December 2020. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that after Representative Nehls won his election to the United States House of Representatives, he offered Plaintiff employment with his Congressional office. Defendant denies the remaining allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13. Answering further, Plaintiff only worked in the Washington, D.C. office until May 2021. From May 2021 through October 13, 2023, Plaintiff worked in Texas.

14. Defendant admits that Robert Schroeder is the Chief of Staff for Defendant. Defendant denies the remaining allegations in paragraph 14. Answering further, Mr. Schroeder travels to Texas on a regular basis for work purposes.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Paragraph 18 does not contain factual allegations, only Plaintiff's interpretation of alleged statements that Defendant denies making. As such, no response is required. To the extent that any response is required, Defendant denies that it referred to homosexuality as a "lifestyle."

19. To the extent the allegations in paragraph 19 refer to Representative Nehl's legislative activities, no response is required pursuant to the Speech or Debate Clause of the United States Constitution. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant admits that Plaintiff asked to be transferred to the District Office, which was in Richmond Texas at the time, to be a field representative. Defendant denies the remaining allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant admits the allegations in paragraph 24.

25. Defendant admits that as a Field Representative, Plaintiff reported to then-Deputy District Director Mary Davis from May 2021, through November 18, 2022. Defendant admits that from November 19, 2022, through March 2023, Plaintiff reported to then-District Director Barbara Spruill. Defendant admits Plaintiff reported to District Director Evan Bender after he reported to Ms. Spruill. Defendant denies the remaining allegations in paragraph 25.

26. Defendant admits that when Plaintiff was a field representative, Mr. Schroeder was his second-level supervisor. The remaining allegations in paragraph 26 are vague, and on that basis, Defendant denies the remaining allegations in paragraph 26.

27. Defendant admits that Mr. Goodfellow is the Office's Special Advisor. Defendant admits that Mr. Goodfellow was a friend and acquaintance of Rep. Nehls, prior to Rep. Nehls being elected to Congress. The allegation that Mr. Goodfellow is a confidante is vague and ambiguous, and on that ground, Defendant denies that allegation. Defendant denies the remaining allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant admits that Mr. Goodfellow had an LGBTQ+ resources pamphlet in his office. Defendant denies the remaining allegations in paragraph 31.

32. Defendant admits on or around January 2022, Plaintiff notified the Office that he had COVID-19. Defendant denies the remaining allegations in paragraph 17.

33. Defendant denies the allegations in paragraph 33.

34. Defendant admits Representative Nehls attended a dinner with Daniel Gribble in August 2022. Defendant denies the remaining allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. The allegations in paragraph 37 are vague as to time. Defendant denies the allegations in paragraph 37.

38. The allegations in paragraph 38 are vague as to time. Defendant denies the allegations in paragraph 38.

39. The allegations in paragraph 39 are vague as to time. Defendant denies the allegations in paragraph 39.

40. Defendant admits that in January 2023, it hired William Chappell, a male, as a field representative. Defendant admits that it asked Plaintiff to assist in Mr. Chappell's orientation with the office. Defendant is without sufficient information to admit or deny whether Mr. Chappell is heterosexual. Defendant denies the remaining allegations in paragraph 40.

41. Defendant admits that Mr. Chappell began attending events and trainings on behalf of the Office. Defendant admits that Mr. Chappell accompanied Representative Nehls to events in the Congressional District. Defendant admits that Mr. Chappell attended a training in Washington D.C. for case workers and field representatives. Defendant denies the remaining allegations in paragraph 41.

42. Defendant admits that it moved Mr. Bender (who was working in the D.C. office as the Legislative Director) to take the position of District Director. Defendant denies the remaining allegations in paragraph 42.

43. The allegations in paragraph 35 are vague and ambiguous as to time. Defendant denies the allegations in paragraph 43.

44. Defendant admits that Mr. Schroeder advised Plaintiff that a job opening with Big Brothers Big Sisters ("BBBS") would be a good opportunity, but denies the implication that Mr. Schoeder was forcing Plaintiff out of his position in the Office. To the extent any further response is necessary, Defendant denies the remaining allegations in paragraph 44.

45. Defendant is without sufficient information to admit or deny Plaintiff's state of mind regarding the BBBS opportunity, but notes that Plaintiff did take a position with BBBS. Defendant admits that Mr. Schroeder discussed Plaintiff's professional growth opportunities that may exist through the BBBS position that may not have been present by staying with the Office. Defendant denies the remaining allegations in paragraph 45.

46. Defendant admits Plaintiff discussed the salary difference between the BBBS job and his employment with the Office.  Defendant is without sufficient information regarding Plaintiff's personal financial obligations.  Defendant denies the remaining allegations in paragraph 46.

47. Defendant admits that Mr. Schoeder discussed the difference in pay between the BBBS position and the job in the Office with Plaintiff.  Defendant admits Mr. Schroeder provided Plaintiff with professional growth coaching for Plaintiff to make the best decision for himself.  Defendant denies the remaining allegations in paragraph 47, including any implication that Mr. Schoeder pressured Plaintiff to leave the Office or that Mr. Schoeder acted due to Plaintiff's then-unknown sexual orientation.

48. Defendant denies the allegations in paragraph 48.

49. Defendant admits, upon information and belief, that Plaintiff accepted the BBBS job. Defendant admits that Plaintiff informed the Office that he was resigning.  Defendant denies the remaining allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant admits that in or around October 1, 2023, Plaintiff ceased performing any work for the Office and was using his remaining paid leave.  Defendant admits that in Plaintiff's final weeks through October 13, 2023, Mr. Schroeder had Plaintiff's access to the House systems disconnected. Defendant denies the remaining allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

## AS TO "COUNT I"

### Hostile Work Environment Based on Sex (Sexual Orientation)

56. Defendant incorporates by reference its above responses to Plaintiff's allegations, as if fully restated herein.

57. Defendant is without sufficient information to admit or deny whether Plaintiff is gay. To the extent a response is required, Defendant admits Plaintiff now asserts he is gay. Defendant admits Plaintiff is male. Defendant admits Plaintiff is a former employee of the Office. Plaintiff's membership of "multiple protected classes under Title VII, including sex" are legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

## **PRAYER FOR RELIEF**

The remainder of Plaintiff's claim presents prayers for relief, to which no response is necessary. To the extent any answer is required, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

## **GENERAL DENIAL**

Defendant denies each and every allegation not specifically admitted, controverted or specifically denied herein.

## **DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

By pleading the following affirmative and other defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to prove the claims asserted in the Claim and to establish her alleged damages.

### *First Defense*

Plaintiff's Claim, in whole or in part, fails to state a claim upon which relief can be granted.

### *Second Defense*

Plaintiff's claims are barred by the Congressional Accountability Act's statute of limitations.

### *Third Defense*

If any sexual orientation based comments were made, Plaintiff cannot establish that that were objectively and subjectively unwelcome.

### *Fourth Defense*

Plaintiff cannot establish his claims of hostile work environment harassment and/or discrimination.

### *Fifth Defense*

Plaintiff's claims must be dismissed because Defendant's actions were based on legitimate non-discriminatory and non-retaliatory reasons and were not based on Plaintiff's sexual orientation or any other unlawful reason under the CAA.

*Sixth Defense*

Defendant and its employees acted reasonably and in good faith at all material times and based on all relevant facts and circumstances known by them at the time they so acted.

*Seventh Defense*

Plaintiff's claims for relief are limited where, and to the extent, he failed to provide sufficient information.

*Eighth Defense*

Plaintiff's claims are barred by the doctrine of laches to the extent Plaintiff may have known the grounds for some of the claims, but unreasonably delayed initiating this action.

*Ninth Defense*

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or otherwise available to him, to avoid any harm he allegedly experienced.

*Tenth Defense*

The claims asserted in the Claim and the requests for relief are barred, in whole or in part, by Plaintiff's failure to satisfy his duty to mitigate damages.

*Eleventh Defense*

To the extent Plaintiff relies on alleged evidence of legislative activities to support his claims, those claims are barred by the Speech or Debate Clause of the U.S. Constitution.

**ANSWERING FURTHER, DEFENDANT RESERVES THE RIGHT**, pending the completion of discovery, to prepare and to present any additional defenses and to supplement or amend this answer.

Respectfully submitted by,

                DEFENDANT OFFICE OF
                CONGRESSMAN TROY NEHLS

By:

                  /s/ Joel J. Borovsky
                  /s/ Ritika Rajappa
                  /s/ Russell H. Gore
Joel J. Borovsky, D.C. Bar #974812
Ritika Rajappa, D.C. Bar #90014734
Russell H. Gore, D.C. Bar # 449231
U.S. House of Representatives
Office of House Employment Counsel
4300 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-7075
Joel.Borovsky@mail.house.gov
Ritika.Rajappa@mail.house.gov
Russell.Gore@mail.house.gov

*Defendant's Counsel*

Date:   October 25, 2024